[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 94-2257

D. C. Docket No. 89-195-CIV-T-15B

GERTRUDE LINDLEY, JULIA DOLCE, F. J. BURR,
BERNADEEN L. BURR, EVE MONTALDO, MARY RIEDEL,
PAUL RIEDEL, LORENCE TIERNEY, WILLIAM TIERNEY,
EVA HARM, MARGUERITTE MITCHELL MANN, LASSIE
MAYHUE MEYER, RALPH MEYER, EUBERT F. TAFFERT,
IRENE ELBERT, GERALD PURDY, DORIS PURDY,
JUNE KNISTOFT, EDWARD KNISTOFT, MSGR. ROBICHAUD,
Personal Representative of the Estate of Dora
Wade; JANICE OLESON, Personal Representative
of the estate of Edna Bromhed; GEORGE OLMSTED,
Personal Representative of the estate of Thelma
Olmsted,

Plaintiffs-Appellants,

versus

HENRY CISNEROS and UNITED STATES OF AMERICA
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Florida

**(January 25, 1996)**

Before TJOFLAT, Chief Judge, DYER and GARTH*, Senior Circuit
Judges.

*Honorable Leonard I. Garth, Senior U.S. Circuit Judge for the
Third Circuit, sitting by designation.

PER CURIAM:

Appellants are former tenants in a multi-story apartment building known as the Mandalay Shores Apartments located in Clearwater, Florida. At the time appellants were tenants, the apartment building was owned by the United States Department of Housing and Urban Development ("HUD"); each appellant occupied his or her apartment under a lease with HUD. In this action appellants seek to recover money damages under both Florida landlord-tenant law and their leases for HUD's failure, despite their pleas, properly to maintain the apartment building and their respective units.

Tenants of the same apartment complex similarly brought suit in Mann v. Pierce, 803 F.2d 1552 (11th Cir. 1986), also seeking to recover damages under Florida landlord-tenant law and their leases. They claimed that, while HUD was their landlord, the apartment building was "infested with a wide array of vermin and that the ceiling tiles were crumbling and spewing asbestos whenever the roof leaked or the air conditioning was operated. [In addition, they claimed that] HUD failed to make reasonable provisions for running water and failed to maintain the project's elevators, plumbing, roof and common areas. [They sought] redress, including equitable restitution of rent paid while HUD . . . maintained the project in substandard conditions." Id. at 1554.

2

While Mann was pending in the district court, the Mandalay Shores Cooperative Housing Association (the "Association"), which had been a tenant in the building, brought suit to obtain the same relief as the Mann plaintiffs. Its case and Mann were consolidated. Thereafter, in an effort to obtain in a single adjudication relief for all of the building's former tenants, the plaintiffs in the consolidated cases sought class certification under Federal Rule of Civil Procedure 23. The district judge presiding over the cases refused to certify a class, however, because the causes of action of the individual plaintiffs were not identical; the plaintiffs had separate leases and the facts underpinning their claims were not likely to be common. Moreover, HUD and the Secretary opposed the idea of a mass adjudication of the tenants' claims.

In an effort to have the claims of all of the former tenants resolved in the consolidated cases, the Association obtained assignments from the tenants, the appellants here, and then moved the court for leave to amend its complaint to bring the assigned claims. HUD and the Secretary opposed the motion, claiming that the assignments were invalid, and that consequently the Association could not represent the assignors. The court denied the Association's motion, concluding that allowing the Association to proceed as the tenants' representative would not promote the economic and speedy disposition of the controversy. The adjudication of appellants' claims would be left to another day. While the consolidated suit (of the Association and the

3

Mann plaintiffs) was pending, appellants brought the instant suit.

HUD and the Secretary prevailed in the consolidated case and then moved for summary judgment in the instant case, contending that the doctrine of res judicata foreclosed appellants' causes of action. Appellants opposed the motion. They argued that the defendants, having urged the court to reject the Association's effort to litigate appellants' claims in the consolidated cases and to defer consideration of these claims to another day, should stand by their word. Common decency, if not fundamental due process, they claimed, required that they be given their day in court.

The district court, while acknowledging the merits of appellants' fairness argument, rejected their plea and granted the defendants summary judgment. We reverse, and direct the court to reinstate appellants' claims.

Res judicata does not bar a claim unless the parties to both actions--here, appellants and either the Mann plaintiffs or the Association (or both)--are identical or are in privity with one another. See Richardson v. Alabama State Bd. of Educ., 935 F.2d 1240, 1244 (11th Cir. 1991). The parties are not identical; nor are they in privity with one another. HUD and the Secretary argue that appellants were virtually represented in the prior litigation by the Association. For a number of years, they point out, the tenants, including appellants, had voluntarily aligned themselves with and supported the goals of the Association. That

4

may well be so, but such an alignment does not alter the fact that appellants' claims are based on their individual leases, that they assert discrete breaches on HUD's part, and that they assert separate injuries.  After all, this is why HUD and the Secretary opposed class certification in <u>Mann</u>, and this is why the district court denied class certification.

As the district court stated when it rejected the Association's attempt to litigate appellants' claims as appellants' assignee:  appellants will have their day in court-- later.  That time is now.  The judgment of the district court is accordingly VACATED and the case is REMANDED for further proceedings.


SO ORDERED.